United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT FLOWERS,

    Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, et al.,

    Defendants.
_____/

No. C-09-4909   JL

**ORDER REFERRING CASE FOR REASSIGNMENT, WITH RECOMMENDATION THAT IFP BE DENIED**

**I. Introduction**

The Court received Plaintiff's Application to Proceed In Forma Pauperis ("IFP"). Plaintiff in his application states that he receives from his employment with Pacific Maritime Association, Defendant in this case, gross annual income of $64,859.00, net annual income from Defendant of $56,879, self-employment income of $250 per month, and monthly expenses of $2650.00, including his mortgage payment on a home valued at $360,000. He also owns a car, a 2006 Dodge Charger, valued at $28,880. His complaint under Title VII of the Civil Rights Act of 1964 alleges that Defendant discriminated against him based on race and color by denying promotions. He filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and received a right-to-sue letter on July 20, 2008. He filed his complaint in this Court on October 15, 2009.

## II. Applicable Law

### 1. Generally

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). In the alternative, "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* at § 1915(d). This allows the court to review prior to service all claims brought pursuant to section 1915(d) and dismiss those claims that are frivolous or malicious. *Denton v. Hernandez*, 112 S. Ct. 1728, 1732-33 (1992).

### 2. Denial of IFP Application where allegation of poverty is untrue.

A civil litigant does not qualify for IFP status if, inter alia, the allegation of poverty is untrue. 28 U.S.C. § 1915(e) (2). To satisfy the allegation of poverty, a litigant must show that he or she "cannot because of his poverty pay or give security for the costs ... and still be able to provide himself and dependents 'with the necessities of life.' " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations and citations omitted); see also *Martinez v. Kristi Kleaners, Inc.*, 362 F.3d 1305, 1307 (11th Cir.2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents") ( citing Adkins, 335 U.S. at 339, 69 S.Ct. at 89); *Alfaro v. Sacramento Police Dep't.*, 2007 WL 114266 at *1 (E.D.Cal.2007) (findings and recommendations, adopted by the district court on February 20, 2007 (case no. 2:06-cv-2855) stating that "[a]n in forma pauperis applicant must demonstrate that ... he cannot meet court costs and still provide himself and his dependents with the necessities of life."

In this case, Plaintiff in his IFP application states that he receives a gross income from his employment at Pacific Maritime Association, Defendant in this case, of $64,859,

net income of $56,879 per year, or $4739 per month, and has monthly expenses of $2650.00. He also has a small business which brings in an additional $250 per month. His wife is currently unemployed. The Court finds that Plaintiff's income alone disqualifies him from being permitted to file IFP, since he has more than enough discretionary income to support himself and his dependents and to pay the $350 filing fee.  In addition, it appears from his right-to-sue letter issued by the EEOC that he missed the filing deadline for his complaint in this Court. However, this could lead to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. This Court would not deny the IFP application on that basis, but solely due to Plaintiff's not satisfying the poverty prong of 28 U.S.C. §1915.

### III.     Conclusion and Order

In this case, if this Court had jurisdiction on consent of the parties, or even of Plaintiff alone, pursuant to 28 U.S.C. §636(c), it would deny the IFP application due to Plaintiff's not satisfying the poverty prong of §1915. However, a magistrate judge may not enter a dispositive ruling, including denying an IFP application, without consent of at least the Plaintiff, pursuant to *Tripati v Rison*,  847 F.2d 548 (9th Cir. 1988). Since Plaintiff has not consented to this Court's jurisdiction, this case is hereby referred for reassignment to an Article III judge, with the recommendation that the IFP application be denied..

IT IS SO ORDERED.

DATED: October 26,  2009

_____
James Larson
United States Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\09-4909 Ref Reassign.wpd